JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGNI, INC., a California corporation, and KASH APPAREL, LLC, a California limited liability company,<br><br>　　　　　Plaintiffs,<br>　v.<br>MEGHAN REILLY dba "SOCIALITTE", an individual,<br><br>　　　　　Defendant. | Case No. 2:21-cv-00387-JVS-(AGRx)<br><br>**PERMANENT INJUNCTION**<br><br>Hon. James V. Selna |

**PERMANENT INJUNCTION**

　　　WHEREAS Plaintiffs DESIGNI, INC., a California corporation, and KASH APPAREL, LLC, a California limited liability company, filed a complaint herein naming MEGHAN REILLY, an individual, as Defendant;

　　　WHEREAS the parties have stipulated to the facts supporting the jurisdiction of the subject matter of this action and of the parties hereto;

WHEREAS Plaintiffs assert that they have valid registered trademark rights in the mark SOCIALITE in connection with women's clothing and online retail store services featuring women's clothing;

WHEREAS Defendant MEGHAN REILLY has caused to be used the mark, corporate name, service mark and tradename SOCIALITTE without Plaintiffs' authorization in connection with women's clothing and online retail store services featuring women's clothing;

WHEREAS Defendant MEGHAN REILLY, a resident of California denies that she has engaged in infringement and unfair competition, but asserts that she will no longer use the mark SOCIALITTE, SOCIALITE or any mark confusingly similar thereto;

WHEREAS Defendant MEGHAN REILLY, a resident of California, having consented to entry of this Permanent Injunction without notice to be binding on Defendant MEGHAN REILLY, and any person or entity in which she has control or ownership, and their agents, employees and representatives and all persons in active concert or participation with said defendants who receive notice thereof;

NOW THEREFORE, upon the consent of the parties hereto,

IT IS ORDERED, ADJUDGED AND DECREED that a permanent injunction in favor of Plaintiffs DESIGNI, INC., a California corporation, and KASH APPAREL, LLC, a California limited liability company, be entered as follows:

Defendant MEGHAN REILLY, an individual, having consented to entry of this Permanent Injunction without notice to be binding on Defendant MEGHAN REILLY, an individual, and her agents, employees and representatives and all persons in active concert or participation with defendant

who receives notice thereof (including without limitation MER BEAUTY & APPAREL, INC. and any other entity in which Defendant MEGHAN REILLY has any ownership or control) (the "Enjoined Parties") are hereby permanently enjoined from engaging in any act in violation of the United States trademark laws, common law infringement and unfair competition, including but not limited to:

    (a) selling, offering for sale, advertising, promoting or displaying the mark SOCIALITTE, SOCIALITE or any colorable imitation in connection with the offering for sale, sale, advertising or promotion of women's clothing or online retail store services featuring clothing;

    (b) using the mark or word SOCIALITTE or SOCIALITE in connection with any hyperlinks or meta tags under her control;

    (c) imitating, copying, or making unauthorized use of Plaintiffs' Mark SOCIALITE;

    (d) using Plaintiffs' Mark SOCIALITE, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof in connection with the promotion, advertisement, display, sale, offering for sale of any article of women's clothing or accessories in such fashion as to relate or connect, or tend to relate or connect, such service in any way to Plaintiffs or to any services or goods sold, manufactured, sponsored, approved by or connected with Plaintiffs DESIGNI INC. or KASH APPAREL;

    (e) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting infringement of Plaintiffs' Mark SOCIALITE;

    (f) taking any action, including through the use of Plaintiffs' Marks or any simulation, reproduction, counterfeit, copy or colorable imitation

3

thereof, that dilutes the unique association between Plaintiffs and their marks, or that tarnishes the reputation or image of Plaintiffs;

(g) using the name SOCIALITTE, SOCIALITE or any confusingly similar corporate or business name for any business associated with women's clothing or accessories;

(h) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

Notwithstanding the foregoing, it shall not be a violation of this injunction for Defendant MEGHAN REILLY or any entity owned or controlled by her to continue to maintain the URL https:// socialitte.myshopify.com (the "URL") under the following conditions and restrictions, which shall be strictly construed and shall not except as expressly stated provide any exception to the scope of this injunction:

(a) Enjoined Parties shall not use the URL in any public facing manner, including advertising, providing the URL to any third party for access to Defendant's Shopify Store, media, promotional or in any other manner.

(b) In addition to any other limits on use of the term "socialite" imposed by this injunction, Enjoined Parties shall not use, cause of to be used, or permit to be used any keyword, metadata, SEO or similar use of the term "socialitte" in any way.

(c) Enjoined Parties shall not use, cause to be used, or permit to be used the URL as a redirect, link or backlink.  In other words, no links on other websites, social media, blogs, etc., to Defendant's Shopify shop using the URL.  Enjoined Parties will use only non-infringing URLs for redirects or links to Defendants' Shopify shop.  In the event Enjoined

Parties discover or otherwise learn of links, backlinks or redirects utilizing the URL posted by third parties not under the control of Enjoined Parties, Enjoined Parties shall promptly request such third party to substitute a non-infringing URL for such link, backlink or redirect.

The sole purpose of allowing Enjoined Parties to continue to maintain the URL is to allow Defendant Megan Reilly and those entities she currently owns or controls to maintain her existing shop on Shopify under its new name or any other non-infringing name. Defendant Megan Reilly has represented that changing the URL will prevent her from doing so. In the event Enjoined Parties or any of them remove the current Shopify shop or transfer any interest in the Shopify Shop or any entity which owns or controls it, they shall cease use of the URL and its use shall no longer be an exception to the injunction.

This lawsuit is otherwise dismissed with prejudice, each party bearing their own costs and attorneys' fees.

IT IS SO ORDERED.

Dated:  December 03, 2021          _____
                                    UNITED STATES DISTRICT JUDGE